AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey

| | | |
|---|---|---|
| SAUL FALACK, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 17- CV- 02992 |
| BANK OF AMERICA, | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    BANK OF AMERICA
100 NORTH TRYON STREET
CHARLOTTE, NC  28255

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    EDWARD B. GELLER, ESQ., P.C., OF COUNSEL TO M. HARVEY REPHEN &
ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK  10464

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____

                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-------------------------------------------------------------------X

SAUL FALACK,                                    Civil Action No.:  17-cv-02992


                              Plaintiff,

         -against-                              **AMENDED COMPLAINT FOR**
                                                **VIOLATIONS     OF THE TELEPHONE**
                                                **CONSUMER PROTECTION ACT**

BANK OF AMERICA

                              Defendant(s).     **DEMAND FOR JURY TRIAL**

-------------------------------------------------------------------X

<u>**INTRODUCTION/PRELIMINARY STATEMENT**</u>

      Plaintiff SAUL FALACK ("Plaintiff"), by and through his attorney, M. Harvey

Rephen & Associates, P.C., by Edward B. Geller, Esq., P.C., Of Counsel, as and for his

Complaint against the Defendant BANK OF AMERICA, (hereinafter referred to as

Defendant(s)"), respectfully sets forth, complains and alleges, upon information and

belief, the following:

<u>**INTRODUCTION/PRELIMINARY STATEMENT**</u>

      1.    Plaintiff brings this action on his own behalf for damages and declaratory

and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United

States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

      2.    Defendant is subject to, and required to abide by, the laws of the United

States and the State of New York, which include the Telephone Consumer Protection

Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3.    Plaintiff SAUL FALACK is a resident of the State of NEW JERSEY residing in LAKEWOOD, NJ 08701.

4.    Defendant (s), BANK OF AMERICA has a Corporate Headquarters Located at 100 NORTH TRYON STREETCHARLOTTE, NC 28255.

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.    On or about December 2015, Defendant began communicating with the Plaintiff by placing automated calls to his cell phone number of 646-269-9871.

9.    The Defendant called from number 800-310-5587 and left pre-recorded messages with a "beep".

10.    Plaintiff never provided his prior, express consent to be contacted by an autodialer from the Defendant and asked Defendant to stop contacting him.  The Plaintiff did not give the Defendant permission to call his cell phone.

11    Despite the Plaintiff's not giving his permission to be contacted on his cell phone and requesting that the calls cease, the Defendant continued its campaign to call the Plaintiff's cell phone.

12.    The Plaintiff called the Defendant on December 15, 2015 and was connected with a female representative named "Sarah".

13.    The representative gave him the updated information on his account.

14.    The Plaintiff stated that he did not want to receive any more automated calls on his account, and that if he was to be contacted again it should be done by mail.

15.    The representative said she was noting the account of his request and the call was concluded.

16.    Since the conclusion of the call and the request for the automated calls to stop, the Plaintiff has received approximately 30 autodialed calls from Defendant.


17.    By placing auto-dialed calls and pre-recorded messages to the Plaintiff's cell phone, the Defendant violated 47 USC Section 227(b)(A)(iii), which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling Plaintiff's cell phone.

18.    The Defendant therefore willfully violated the TCPA numerous times after being requested to not call the Plaintiff's cell phone.

### FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

19.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

20.    According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

21.    It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges.  See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and *Cavero v. Franklin Collection Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in *Manno v.Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D.

674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

22.    It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

23.    With the autodialed calls to Plaintiff's telephone commencing on or about December 2015 and continuing at a rate of approximately (30) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

24.    The Defendant, having been informed that Plaintiff requested that no further calls be received, Defendant willfully violated the TCPA at least (30) times.

25.    Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur."  Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

26.    Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

27.    Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

28.    Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A.      For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

B.      A declaration that the Defendant's practices violated the TCPA;

F.      For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:      March 13, 2017

Respectfully submitted,

EDWARD B. GELLER, ESQ.
Edward B. Geller, Esq., P.C., Of Counsel to
M. Harvey Rephen & Associates, P.C.
15 Landing Way
Bronx, New York  10464
Tel:(914)473-6783

*Attorney for the Plaintiff*
SAUL FALACK

To: BANK OF AMERICA
     100 NORTH TRYON STREET
     CHAROLETE, NC 28255

*(Via Prescribed Service)*

Clerk of the Court,